## The City of Grand Rapids v. David Hastings.

*Plats: Acknowledgment: Seal: Record: Evidence: Highway.* Under a statute requiring the acknowledgment of plats to be under the seal of the acknowledging officer (*Comp. L. 1871*, § *1345*), a recorded copy of a plat, bearing the certificate of a notary which is not under seal, is insufficient to establish the plat, and to prove the existence of a highway by dedication by the proprietors. Unauthorized records of plats are not made *prima facie* evidence of their execution and validity.

*Heard January 19. Decided April 4.*

Error to Superior Court of Grand Rapids.

*Henry E. Thompson* and *W. Wisner Taylor,* for plaintiff in error.

*Emil A. Dapper* and *John A. Fairfield,* for defendant in error.

CAMPBELL, J :

The city of Grand Rapids brings error on a judgment

recovered against it by defendant in error, for the obstruction of a highway by building a reservoir across it, whereby he was damaged as a lot owner. The city had taken no steps to vacate the highway or any part of it, and the chief contention was as to the dedication and acceptance of the street, and the damages.

The foundation of the public right was in a plat purporting to be made by the owners of the land. Proof was introduced by producing the recorded copy, and not the original, and this, although bearing the certificate of a notary, was not under his seal. At the date of this plat, October, 1872, the law required the acknowledgment of plats to be under the seal of the acknowledging officer.—*C. L.,* § *1345.*

Our attention has not been called to any statute making the unauthorized record of plats *prima facie* evidence of their execution and validity.

Although the objections to the rulings of the court are in some respects informal, yet we find nothing in the record before us to indicate that there was any other adequate evidence of dedication by the owner of the land. Title was not shown in the parties making the plat, so far as we can determine, and it does not appear from the printed return that any recovery could have been had without the production of the registry. There was evidence tending to prove corporate action, but it meant nothing independent of the plat. There was a second plat properly acknowledged under the amended act of 1873, but it does not in any way identify or help out the plat of 1872, which covered the property in dispute.

We think the court erred in receiving the earlier plat, and that it should have been ruled out.

The other objections to testimony as set forth in the record are very vague, and the rulings refusing charges asked by the plaintiff in error were not excepted to. It would therefore be of no use to discuss questions which if

raised again will probably come up in a better shape for decision.

Judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.